IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JAWARREN HECTOR,** | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 18-CV-65 |
| vs. | ) |
| | ) |
| **GULF DISTRIBUTING CO. OF MOBILE, L.L.C.,** | ) |
| | ) **JURY DEMAND ENDORSED** |
| | ) **HEREON** |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff, JAWARREN HECTOR ("Plaintiff"), by and through the undersigned counsel, and sues GULF DISTRIBUTING CO. OF MOBILE, L.L.C. ("Gulf Distributing" or "Defendant"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this Division and District and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. Plaintiff JAWARREN HECTOR is an adult individual residing in Mobile, Alabama. Plaintiff was employed by Defendant as a Driver Helper during the three-year period preceding the filing of this Complaint and performed work for Gulf Distributing in the State of Alabama and in this District.

5. Defendant is a for-profit Alabama corporation that maintains its principal place of business in Mobile, Alabama. Defendant can be served through its registered statutory agent, Evan B. Maisel, 3378 Moffett Road, Mobile, Alabama 36602.

6. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

7. During all times material to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

8. The Defendant, Gulf Distributing Co. of Mobile, L.L.C. is an employer and enterprise engaged in interstate commerce and is subject to FLSA.

9. The Defendant's principal place of business is 3378 Moffett Road, Mobile, Alabama 36602.

10. The Defendant, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce,

purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Alabama, and by transacting business across state lines, all of which are part of interstate commerce.

11. Furthermore, the Defendant obtained, exchanged, and would send/receive funds to and from outside of the State of Alabama, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Alabama.

12. The Defendant, Gulf Distributing, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to FLSA.

13. Defendant Gulf Distributing is in the business of distributing various alcoholic malt beverage products.

14. Upon information and belief, Gulf Distributing would obtain and store products, including but not limited to, alcoholic malt beverage products, until said products would be distributed to its customers. Gulf Distributing's products would often be stored for months at a time.

15. Plaintiff was a Driver Helper employed by Gulf Distributing during the three-year period preceding the filing of this Complaint.

16. Plaintiff was employed by Gulf Distributing as a "Driver Helper" that unloaded Gulf Distributing's products at its customers' stores and facilities during at least part of a workweek within the last three years.

17. Gulf Distributing used delivery vehicles in delivering Gulf Distributing's products to Gulf Distributing's customers.

18. Prior to delivery, Gulf Distributing's products would be properly loaded onto a delivery vehicle by Defendant's employees, called a "Loader".

19. After Gulf Distributing's product was properly loaded onto a delivery vehicle, the Plaintiff would ride along with the Driver and unload any product upon arrival to Gulf Distributing's customers.

20. The Plaintiff's primary duty was the unloading of Gulf Distributing's product. The Plaintiff was neither a "Driver" of the delivery vehicles nor was responsible for the proper loading of Gulf Distributing's products on the delivery vehicles.

21. The Plaintiff's job duties did not including did not have a substantial direct effect on the safety of the operation in delivering Gulf Distributing's products to its customers. Because the Plaintiff's job duties was to only unload Gulf Distributing's products upon delivery to Gulf Distributing's customers, any effect that the Plaintiff's had on the safety of operation was trivial, causal and insignificant as to be de minimus.

22. The proper loading of Gulf Distributing's products was the responsibility of the "Loaders" employed by Gulf Distributing.

23. At all times material herein, the Defendant, controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

24. At all relevant times, Plaintiff was a non-exempt employee and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

25. The Plaintiff was not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

26. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

27. At all times material herein, the Defendants had knowledge that it was not paying the Plaintiff the appropriate wages and did so intentionally, and in conscious disregard, to paying Plaintiff for all hours worked.

28. At all times during the period Plaintiff worked for the Defendant, the Defendant has exercised control over him.

29. At all times during the period Plaintiff worked for the Defendant, the relationship with the parties was permanent in nature.

30. At all times during the period Plaintiff worked for the Defendant, the Plaintiff was economically dependent on the Defendant.

31. At all times during the period Plaintiff worked for the Defendant, the Plaintiff's job duties performed were an integral part of the Defendant's business.

32. The Plaintiff was a "non-exempt" employee of the Defendant.

33. The Plaintiff was not a salaried employee.

34. The Defendant is directly involved with paying the Plaintiff.

35. The Plaintiff worked the number of hours required of him by the Defendant, but was not paid for each and every hour worked during a work week.

36. The Defendant suffered and permitted the Plaintiff to work for it but did not pay him for all work that he performed for the Defendants.

37. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendant. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

38. The Defendant's actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage, as required by the FLSA, were willful and not in good faith.

39. Plaintiff has retained the undersigned attorney and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## **COUNT I – FAILURE TO PAY OVERTIMEUNDER THE FLSA**

40. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

41. Defendant is an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

42. The Defendant hired the Plaintiff in or about August 2012 to work for it at its business, Gulf Distributing Co. of Mobile, L.L.C., located in Mobile, Alabama.

43. On average, the Plaintiff worked approximately sixty (60) hours per work week for the Defendants.

44. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

45. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

46. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours his worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

47. Plaintiff did not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

48. Throughout Plaintiff's employment, Defendant has known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA.  Defendant knew that it was required to pay Plaintiff for all hours worked.  In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff was entitled.

49. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

50. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.  Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime

7

owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff are entitled to submit their information about the number of hours worked.

51. Defendant's failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

52. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff the proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, request judgment against Defendant as follows:

1. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendant's willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

2. Enter a declaratory judgment that Defendant's employees hired as Driver Helpers are not exempt under the Fair Labor Standards Act from overtime compensation.

3. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

4. Award Plaintiff an equal amount in liquidated damages;

5. Award Plaintiff reasonable attorney's fees and costs of suit; and

6. Grant such other and further relief as this Court deems equitable and just.

DATED: February 13TH, 2018.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
AL Bar No. ASB-1579-L64J
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.