# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAWARREN HECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0065-WS-N |
| | ) |
| GULF DISTRIBUTING CO. OF MOBILE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement (doc. 26).

**I.     Procedural History.**

Plaintiff, Jawarren Hector, by and through counsel, brought this action against his former employer, Gulf Distributing Company of Mobile, LLC.  Hector contended that Gulf Distributing violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay him overtime compensation as required by the statute.  In particular, Hector alleged that he was employed as a "Driver Helper" whose primary duty involved unloading Gulf Distributing's product from delivery vehicles at defendant's customers' locations.  (Doc. 1, ¶¶ 16-20.)  According to the Complaint, Hector "was not paid at a rate of one and a half times [his] regular rate for hours worked in excess of forty (40) in a workweek," even though he "was a non-exempt employee."  (*Id.*, ¶¶ 24-25.)

In its Answer, Gulf Distributing asserted its position that Hector was not entitled to overtime premium pay under the FLSA because, among other reasons, "he is subject to one or more exemptions from the minimum wage and/or overtime requirements of the FLSA, including but not limited to the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1)."  (Doc. 8, at 3.)  The parties had substantial legal and factual disagreements as to whether the Motor Carrier Act exemption applied to Hector, and thus whether Gulf Distributing had violated the FLSA by not paying him overtime for hours worked in excess of 40 in a given workweek.  Notwithstanding

the fact that plaintiff's claims were highly disputed, the parties, by and through their counsel of record, conducted a thorough and diligent investigation into the merits of the case, then engaged in good-faith, arm's-length, early settlement negotiations (including discovery and exchange of information). On July 17, 2018, plaintiff filed a Notice of Settlement (doc. 22), announcing that the parties had reached a settlement of all claims and causes of action asserted herein. In light of this development, and as required by applicable law, the parties now jointly request judicial approval of their settlement.

## II. Analysis.

### A. *Statutory Requirement of Judicial Approval of FLSA Settlements.*

In the overwhelming majority of civil actions brought in federal court, settlements are not subject to judicial oversight, scrutiny or approval. However, FLSA settlements must be handled differently. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp.2d 1346, 1348 (M.D. Fla. 2010) ("Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions."). This is because "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Despite this general rule, an employer and an employee may settle a private FLSA suit under the supervision of the district court" where there is a "bona fide dispute over FLSA coverage." *Hogan v. Allstate Beverage Co.*, 821 F. Supp.2d 1274, 1281 (M.D. Ala. 2011). The mechanics of such a settlement are that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

Where, as here, a district court is asked to approve an FLSA settlement between private litigants, the court's responsibility is to ascertain whether the parties' negotiated resolution comports with the statute's terms. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) ("[t]he purposes of the FLSA are undermined whenever an employer is allowed to escape liability for violations of the statute"); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp.2d 618, 622-23 (E.D. Va. 2011) ("the reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes"). A settlement may be approved upon confirmation that "employees have received all uncontested

wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp.2d at 1282. Thus, the touchstone of the inquiry is whether the proposed settlement "constitutes a fair and reasonable compromise of a *bona fide* FLSA dispute." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *3 (S.D. Ala. Feb. 14, 2013).

The caveat to such judicial oversight is that "[i]n reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.,* 2013 WL 3818886, *2 (S.D. Ala. July 23, 2013) (citations and internal quotation marks omitted); *see also Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011) (recognizing "strong presumption" that FLSA settlements are fair and reasonable). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla. 2009).

### B. *Fairness/Reasonableness of Settlement.*

The parties' filings reflect that this action does, indeed, involve a *bona fide* FLSA dispute as to whether Hector was owed any unpaid overtime compensation under the FLSA and, if so, how much. The information before the Court at this time supports a determination that the validity of plaintiff's FLSA claims is actually, reasonably contested by Gulf Distributing. Most notably, the parties have a good-faith dispute as to whether Hector was exempt from the FLSA's overtime requirements under the Motor Carrier Act exemption. This *bona fide* dispute gives rise to the possibility of a *Lynn's Food* compromise.

Against this backdrop of litigation uncertainty, the parties negotiated a settlement to resolve these FLSA claims in their entirety. In doing so, the parties calculated the full amount of unpaid compensation, including overtime compensation, to which Hector would be entitled under the FLSA if he prevailed. They agreed that the total unpaid compensation, including overtime compensation, claimed by Hector in this action equals $2,492.00. (Doc. 26, ¶ 6; doc. 26, Exh. A, at ¶ 3.) As part of a negotiated, good-faith compromise, defendant has agreed to pay that entire sum to plaintiff, as well as an additional one-half that amount (or $1,246.00) as liquidated damages, to settle plaintiff's FLSA claims in their entirety. (*Id.*) Gulf Distributing

will also pay Hector an additional $5,000 for plaintiff's attorney's fees and costs in connection with these claims.

In conducting the mandatory *Lynn's Food* fairness review of the proposed settlement, the Court finds that numerous factors favor approval here. First, the court file reflects that this settlement was the product of arm's-length, good-faith negotiations, with each side represented by counsel and exchanging information to facilitate the informed evaluation of settlement proposals in a timely and efficient manner. Second, and importantly, this agreement would result in Hector receiving all unpaid compensation that he claims to be owed under the FLSA, as well as half of the liquidated damages he has sought. Third, while attorney's fee settlements in FLSA cases may be problematic for a *Lynn's Food* analysis where the attorney's fee payment adversely impacts the plaintiff's recovery, there is no indication and no reason to believe that such is the case here. To the contrary, the parties have expressly represented that "[t]he amount of fees and expenses did not diminish the amount Plaintiff received as settlement for his FLSA claims." (Doc. 26, ¶ 7.) Fourth, while the settlement agreement does include a general release of claims by Hector, the parties represent that he has a full understanding of what he is releasing in exchange for the settlement award, which again includes payment of reasonably disputed sums that are the subject of a *bona fide* disagreement between the parties. (*Id.*, ¶ 8.)

Based on these considerations, the Court has no qualms or reservations about approving this settlement as fair and reasonable to Hector. Specifically, the undersigned is satisfied that the parties' agreed-upon settlement is a fair and reasonable resolution of a *bona fide* dispute as to the FLSA claims, for purposes of *Lynn's Food* and its progeny. The proposed attorney's fee award to plaintiff's counsel elicits no concerns that counsel is being compensated inadequately or that a conflict of interest has tainted the amount received by Hector (*i.e.*, that Hector's recovery on his FLSA claims has been adversely affected by the amount of fees paid to his attorneys). As a result of the parties' agreement, no uncontested wages will remain unpaid. In short, and with due regard for the strong presumption in favor of finding FLSA settlements reasonable when negotiated by competent counsel in an adversary context, the Court concludes that the proposed settlement represents a fair deal to resolve and settle Hector's FLSA claims.

**III. Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. The parties' Joint Motion for Approval of Settlement Agreement (doc. 26) is **granted**, and the settlement of Hector's FLSA claims is **approved** as fair and reasonable pursuant to the analysis required by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); and
2. To effectuate the terms of Paragraph 2 of the parties' Settlement Agreement and Release, this action is **dismissed with prejudice** on settlement pursuant to Rule 41(a), Fed.R.Civ.P.

DONE and ORDERED this 14th day of August, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE